IN THE COURT OF COMMON PLEAS
PIKE COUNTY, OHIO

**JASON SHUGART**
110 East Emmitt Avenue
Waverly, Ohio 45690

Plaintiff,

v.

**OCWEN LOAN SERVICING, LLC**
1661 Worthington Rd # 100
West Palm Beach, FL 33409

    *Serve: Statutory Agent*
    Csc-Lawyers Incorporating Service
    50 W. Broad Street, Suite 1800
    Columbus, Ohio 43215

Defendant.

Case No.: 2012 CIV000446

**JUDGE DEERING**

```
┌─────────────────────────────┐
│        F I L E D            │
│   COMMON PLEAS COURT        │
│                             │
│      DEC 20 2012            │
│                             │
│    JOHN E. WILLIAMS         │
│     PIKE CO. CLERK          │
└─────────────────────────────┘
```

**COMPLAINT**

**(Jury Demand Endorsed Herein)**

## I.  INTRODUCTION

This is an action brought by Plaintiff Jason Shugart (hereinafter "Plaintiff"), individual consumer, for violations of the Consumer Sales Practices Act (hereinafter "CSPA"), breach of contract, unjust enrichment, accounting, fraud, defamation, and invasion of privacy against OCWEN Loan Servicing, LLC ("OCWEN" or "OCWEN Loan Servicing") for actual damages, statutory damages, punitive damages, costs, and attorney fees. This case was previously filed with the U.S. District Court under case number 2:09-cv-01123-MHW-TPK.

The action with case number 2:09-cv-01123 had additional defendants which included: Paymap Inc., Experian Information Solutions, Inc., Trans Union, LLC, and Equifax Information Services, Inc. However, Plaintiff reached out of court settlements with all defendants, but OCWEN.

## II. PARTIES

1.     Plaintiff Jason Shugart is a natural person who resides at 110 East Emmitt Avenue, Waverly, Ohio 45690.

2.  .    Defendant OCWEN Loan Servicing, LLC is a corporation with its principal place of business located at 1661 Worthington Road, # 100, West Palm Beach, Florida 33409.  OCWEN is a loan servicer who services thousands of loans within the state of Ohio.

3.     OCWEN offered to Plaintiff a payment system entitled Equity Accelerator.

4.     The Equity Accelerator program is represented to potential customers as a payment system which allows borrowers to pay their mortgage at an increased rate in order to pay off the amount owed at a faster rate than is required by the note.

5.     The Equity Accelerator program is offered by and through OCWEN, the loan servicer.

## III. FACTUAL ALLEGATIONS

6.     Plaintiff purchased his home located on Latham Court, Columbus, Ohio 43214 as his primary residence.

7.     Plaintiff financed the purchase of the home with a first mortgage on the home.

8.     Subsequently, while Plaintiff was living in the home as his primary residence, Plaintiff refinanced the loan on his home on March 17, 2006. (hereinafter "note and mortgage")

9.     The first payment was due May 1, 2006.

10.     Plaintiff has made each payment on time and in full.

11.     OCWEN Loan Servicing, LLC became the servicer of this note and mortgage on November 1, 2006.

12.     OCWEN is the current servicer of the note and mortgage.  The loan number and address was supplied to OCWEN during the discovery proceedings in case number 2:09-cv-01123.

13.     Plaintiff made each monthly payment on time and in full from the first payment due on the loan.

14.    OCWEN has provided a payment history of the loan beginning with September 2006.
**Exhibit 1.**

15.    The payment history shows that OCWEN took the right to service Plaintiff's loan in default.

16.    OCWEN treated Plaintiff as if he was in default from the beginning of OCWEN's relationship with Plaintiff.

17.    OCWEN held the first payment in OCWEN's record in a suspense account.

18.    OCWEN immediately began assessing late fees.

19.    OCWEN assessed and attempted to collect fees from Plaintiff not owed under the terms of the Note and Mortgage.

20.    OCWEN failed to apply payments made by Plaintiff in accordance with the terms of the note and mortgage.

21.    By improperly accounting for Plaintiff's payments, OCWEN claims to be owed excessive fees and charges.

22.    In the fall of 2008, OCWEN began sending Plaintiff proposed loan modifications indicating that he could sign the loan modification in order to cure the default on his loan.

23.    Plaintiff called OCWEN and was told by OCWEN employees that he was current on his loan and not in default.

24.    The proposed loan modifications had terms in the agreement which were wholly one sided in favor of OCWEN and would have meant that Plaintiff signed away his right to the judicial process.

25.    OCWEN misled Plaintiff by indicating that he was in default when he was not.

26.    In February 2009, Plaintiff signed an equity accelerator agreement with OCWEN.
**Exhibit 2.**

27.    The agreement changed Plaintiff's payment schedule from one payment per month to payments every other week.                                                          ₹

28.     Plaintiff paid the note and mortgage through an electronic direct deposit to OCWEN before and after the equity accelerator agreement.

29.     OCWEN failed to properly apply Plaintiff's payments and provide accurate accounting records to Plaintiff.

30.     Plaintiff paid numerous late fees and penalties that were improperly assessed due to OCWEN's accounting failures.

31.     Plaintiff immediately began calling OCWEN when he realized that OCWEN was not properly recording his payments.

32.     Plaintiff has written three qualified written requests to OCWEN requesting that OCWEN correct the errors. **Exhibits 3, 4, and 5**.

33.     OCWEN has failed to acknowledge all three of the qualified written requests within 20 business days.

34.     OCWEN has failed correct the accounting errors identified in all three of the qualified written requests.

35.     OCWEN has failed to supply the information requested in the first two qualified written requests.

36.     OCWEN is publishing the negative false information about Plaintiff regarding the note and mortgage.

37.     OCWEN failed to correct accounting errors and has furnished false information to the credit reporting agencies stating that Plaintiff is late on payments to his note and mortgage.

38.     Plaintiff disputed this information with all three credit reporting agencies and copied OCWEN on the dispute letters. **Exhibit 6**.

39.     Plaintiff supplied the credit reporting agencies and OCWEN with sufficient information to show that the information furnished by OCWEN was false.

40.     OCWEN did not correct the information.

41.     Plaintiff sent credit reporting agencies and OCWEN his bank statement showing the February payment to OCWEN which OCWEN claims was not paid.

## COUNT I
## VIOLATIONS OF THE CSPA

42.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

43.     Plaintiff is a consumer as defined by Ohio Revised Code §1345.01.

44.     The servicing of the note and mortgage is a consumer transaction as defined by Ohio Revised Code §1345.01.

45.     OCWEN is a supplier as defined by Ohio Revised Code §1345.01 and is not a dealer in intangibles.

46.     OCWEN committed unfair and deceptive acts and practices in connection with the subject note and mortgage including but not limited to the following:

     a.   Misapplication of Plaintiff's payments;

     b.   Failure to apply Plaintiff's payments in accordance with the priorities outlined in the mortgage;

     c.   Failure to account for Plaintiff's payments;

     d.   Deceptive statements in correspondence indicating that Plaintiff should sign a loan modification in order to become current;

     e.   Assessment of fees and charges not owed under the note and mortgage;

     f.   Misrepresentations to third parties regarding Plaintiff's loan; and

     g.   Failure to correct the loan history after being notified by Plaintiff of the errors.

47.     OCWEN is on notice of the acts alleged herein as acts that have been determined by the Court to be in violation of Ohio Consumer Sales Practice Act and were placed in the Attorney General's Public Inspection file in a case against OCWEN in August 2009.

48.     OCWEN continues to systematically violate the CSPA by continuing the conduct alleged herein.

## COUNT II
### BREACH OF CONTRACT

49.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

50.    OCWEN is in breach of contract in failing to account for Plaintiff's payments in accordance with the note and mortgage.

51.    OCWEN is in further breach of the contract by charging Plaintiff fees that he does not owe under the terms of the note and mortgage.

52.    OCWEN is in further breach of the contract by treating Plaintiff as if he is in default when under the terms of the note and mortgage and the equity accelerator agreement he is not.

53.    OCWEN has charged unlawful and excessive fees to Plaintiff in breach of the promissory note.

54.    OCWEN is in breached covenants in the note and mortgage by charging late fees not authorized in the note and mortgage and by misapplying payments not in accordance with the note and mortgage, and by placing Plaintiff's payments in a suspense account without authorization by the note and mortgage.

55.    OCWEN breached its duty to mitigate damages by continuing to attempt to collect additional money in the form of additional payments, fees and charges after being confronted with the original breaches.

56.    As a direct result of these acts by OCWEN, Plaintiff has been damaged in an amount to be determined at trial.

## COUNT III
### UNJUST ENRICHMENT

57.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

58.    Plaintiff has been made to pay OCWEN in excess of the amount owed under the terms of the note and mortgage and the equity accelerator agreement or he would have been in imminent risk of losing his home.

59. To the extent that Plaintiff has paid amounts in excess of amounts owed under the note and mortgage, the trust agreement, the pooling and servicing agreement and federal and state law, OCWEN has been unjustly enriched at the expense of Plaintiff.

60. As a direct and proximate result of the foregoing unjust enrichment, Plaintiff is entitled to judgment requiring OCWEN to remit an amount to be proved at trial.

## COUNT IV
## COMMON LAW ACTION FOR AN ACCOUNTING

61. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

62. OCWEN claims it is owed money on the Note.

63. OCWEN refuses to provide a substantive basis for their claim or detail the amount they claim is due and owing on the Note.

64. Because the information and documents from which liability on the Note can be ascertained are within the sole control of OCWEN, Plaintiff is entitled to an accounting and determination by the court of the amounts overcharged and misallocated.

## COUNT V
## FRAUD

65. Plaintiff re-alleges and incorporates by reference the allegations set forth above.

66. OCWEN represented to Plaintiff through correspondence sent directly to Plaintiff that he was late in making payments and failed to make the February payment.

67. The false statements were made with knowledge of their falsity or at a minimum with utter disregard and recklessness as to their falsity.

68. The false statements were material as Plaintiff was assessed additional fees as a result of OCWEN's misrepresentations and was made to pay thousands of dollars in which he did not owe.

69. OCWEN intended to mislead Plaintiff when it made the false statements to Shugart.

70. Plaintiff justifiably relied on OCWEN as the servicer of his loan.

71. As a direct and proximate result of OCWEN's false representations, Plaintiff suffered substantial injuries.

## COUNT VI
## DEFAMATION

72.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

73.    OCWEN made false and defamatory statements about Plaintiff concerning Plaintiff's note and mortgage.

74.    The false statements made by OCWEN claimed that Plaintiff was in default and late on his mortgage payments when in fact he had made timely payments in full.

75.    The false statements made by OCWEN claimed that Plaintiff was a credit risk when he is not.

76.    Plaintiff is a practicing attorney whose reputation regarding his credit is essential to his practice and his ability to finance his legal business.

77.    OCWEN published these false statements to the credit reporting agencies.

78.    OCWEN published false statements to the credit reporting agencies.

79.    Plaintiff was injured as a direct and proximate result of the actions of OCWEN.

80.    OCWEN acted with actual malice in their continued attempts to collect a finance charge that was not owed to them.

81.    OCWEN's actions were in reckless disregard for the truth or falsity of the publication. The false statements were made by OCWEN with knowledge of their falsity and/or with reckless disregard for whether they were true or false.

## COUNT VII
## INVASION OF PRIVACY

82.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

83.    OCWEN invaded Plaintiff's privacy by unreasonably intruding upon Plaintiff's seclusion.

84.    OCWEN invaded Plaintiff's privacy by unreasonably publicizing false information regarding Plaintiff's private life.

85.     OCWEN invaded Plaintiff's privacy by unreasonably placing Plaintiff in a false light before the public by furnishing the false information to the Credit Reporting Agencies.

86.     OCWEN invaded the right to privacy of Plaintiff and is subject to liability for the emotional and financial harm Plaintiff suffered as a direct and proximate result of OCWEN's actions.

87.     The conduct of OCWEN was intentional, willful, and/or knowingly.

88.     The false statements were made by OCWEN with knowledge of their falsity and/or with reckless disregard for whether they were true or false.

WHEREFORE, Plaintiff respectfully petitions this Court for judgment in its favor as follows:

A.  Actual and compensatory damages in an amount to be determined at trial, for harm suffered as a result of the OCWEN's conduct;

B.  Punitive damages in an amount to be determined at trial;

C.  Statutory damages pursuant to CSPA;

D.  Noneconomic damages pursuant to CSPA;

E.  An accounting of the note and mortgage;

F.  Attorney fees and expenses; and

G.  Such other relief as the Court deems is just.

RESPECTFULLY SUBMITTED:
SEIF & SHUGART, LLC

Jason Shugart (0075460)
110 East Emmitt Avenue
Waverly, Ohio 45690
(740) 947-7277 Phone
(740) 947-1815 Fax
jshugart@law-oh.com
*Pro se Plaintiff*

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

RESPECTFULLY SUBMITTED:
SEIF & SHUGART, LLC

Jason Shugart (0075460)
*Pro se Plaintiff*



**OCWEN Loan Servicing, LLC**
*12650 Ingenuity Drive*
*Orlando, Florida 32826*

WWW.OCWEN.COM

Jason Shugart

Loan Number:
Customer Name(s):     Jason Shugart

Customer Address:

Dear Jason Shugart:

Our company has recently received a request for information on the above referenced loan, which is enclosed for your review.

Sincerely,

Customer Service
Ocwen Loan Servicing, LLC

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.
However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does
not constitute an attempt to collect a debt.

Plaintiff's Ex 1

WWW.OCWEN.COM

OCWEN Loan Servicing, LLC
12650 Ingenuity Drive
Orlando, Florida 32826

Loan#:
Customer Name(s): Jason Shugart

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.



**OCWEN Loan Servicing, LLC**
12650 Ingenuity Drive
Orlando, Florida 32826

WWW.OCWEN.COM

| Item | When Charged | Item | When Charged |
|------|--------------|------|--------------|
| Late Fee | If your payment is not received before the grace period expires as stated in your loan documents. | Returned Check Fee | If your bank returns a check unpaid for any reason (such as insufficient funds in the account-NSF, payment has been stopped, not properly endorsed, incorrect information, etc.) |
| Tax Backsearch Fee | If Ocwen has been advised that the taxes on a non-escrowed loan are delinquent, this fee is charged to investigate what taxes are owed. | Broker's Price Opinion | If you become delinquent on your loan, this fee may be charged for determining the value and condition of the property, using a certified Real Estate Agent. |
| Bankruptcy Fees and/or Costs | If your loan is involved in bankruptcy proceedings, these fees will be charged once the loan is referred to a law firm to represent Ocwen in regards to the bankruptcy. | Prepayment Penalty Fee | You may have taken out a loan with a prepayment penalty. This is an amount that is charged if you pay off your loan early by refinancing or selling your property or if payments of principal are made before they are due. |
| Assumption Cost | If your loan is assumed by a third-party (for example, if you transfer your property), this cost may be charged for the underwriting, preparation and processing of necessary documents and for attorney fees. | Loan Modification Fee | If you request that your loan terms be modified as part of any agreed upon resolution of a loan delinquency, this fee may be charged for preparation and processing of necessary documents and for attorney costs. |
| Subordination Fee | If you agree to a resolution that requires the position of the lien securing the loan to be subordinated (ie, lowered) in relation to another lien, this fee may be charged for preparation and processing of necessary documents to be filed. | Partial Release Fee | If you or a third party requests a release of a portion of the property from the lien, this fee may be charged for preparing and recording the partial release. |
| Satisfaction Fee | If you pay off your loan, this fee may be charged to cover the expense of recording the release / satisfaction of the loan as determined by the applicable county / town. | Certified Mail Fee | If you become delinquent on your loan, this fee may be charged to send you a Notice of Default via Certified Mail. |
| Property Inspection Fee | If you become delinquent on your loan, this fee may be charged for an inspection of the property to make sure that it is still in good condition. | Foreclosure Attorney Fee | If you become delinquent on your loan and foreclosure is required, this fee may be charged for services rendered by Ocwen's legal counsel who handle the foreclosure case. Ocwen utilizes recognized industry guidelines, such as Fannie Mae and Freddie Mac, to assist in establishing acceptable limitations for attorney fees. |
| Foreclosure Costs | If you become delinquent on your loan and foreclosure is required, these fees and costs may be charged for expenses and court costs incurred by Ocwen to complete the legal requirements associated with a foreclosure action. | | |

This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.



## Sign Up Now to Save $67,856.56!

**RECEIVED DEC 3 1 2008**

The Equity Accelerator® Program
P.O. Box 6506
Englewood, CO 80155-6506

**O C W E N**

16567-1**AUTO**ALL FOR AADC 430
Jason V Shugart

132

31.014

**(800) 458-1564**

December 23, 2008

Reference #:
Enrollment Passcode:

Dear Jason V Shugart:

Sometimes taking one simple step toward your goal can alter the course of your life. For example, if you use electronic transfers to budget your mortgage around your paydays, you can easily save $67,856.56 in interest and pay off your mortgage 6 years faster without refinancing!

Buying your home was an important step toward achieving your financial goals. Now with the **Equity Accelerator®** program, you can save money, increase your ownership and achieve financial freedom much sooner! Your $67,856.56 savings is based on your current mortgage information. Here is a customized example of how this system could work for you:

|  | Your Current Monthly Payment | Your New Payoff Schedule | Your Personal Financial Rewards |
|---|---|---|---|
| Payment Amount: | $ 1,713.36 per month | $ 859.18 every 2 weeks | Simplified Budgeting! |
| Total Interest Paid: | $ 292,073.51 | $ 224,216.95 | $ 67,856.56 Saved! |
| Loan Payoff in: | 27 years 5 months | 21 years 2 months | 6 Years 3 Months Early! |
| Total Equity After 10 years: | $ 37,455.89 | $ 60,801.16 | $ 23,345.27 More Equity! |

Our customers like this program because the Equity Accelerator® Program does all the work while customers enjoy the benefits. Of course, it's possible for you to make extra payments on your own, but many of our customers find this difficult to do consistently. Enroll now and here's how it will work for you:

1. This convenient payment system automatically transfers a portion of your loan payment electronically from your checking account on the day that you get paid, typically every other week.
2. Based on your due date each month, these transfers are then applied by us to pay your mortgage.
3. As you pay through this program, you actually accumulate extra funds that are applied directly to your principal.
4. The result is that your mortgage is paid down **faster** without straining your budget while saving you up to $67,856.56 in interest.

To help you get started, we've included a customized **Estimated Personal Savings Analysis**, located on the back of this page to show you just how big your savings can be. Please review it and give one of our specialists a call at **(800) 458-1564** between 8:00 AM and 9:00 PM (ET), Monday through Friday. **Take the next step and call us today!**

Sincerely,

Sherrie Ramon
Director, Consumer Marketing

5800023C

> **P.S.** Start saving time and money today. Call (800) 458-1564 to sign up, and see savings of up to $67,856.56 on your mortgage!

This program and the services undertaken by Ocwen Loan Servicing® in no way alters or lessens the Customer's obligations under the Customer's existing mortgage contract regarding the amount of the monthly payments, when payments are due, the application of payments, the assessment of late charges or the calculation of delinquencies.

The Equity Accelerator Program is offered by Ocwen Loan Servicing under an agreement with Paymap Inc.

Detach Here

Plaintiffs EX 27

To Contact an Equity Accelerator® Specialist Call:
(800) 458-1564

# Estimated Personal Savings Analysis

Jason V Shugart

Reference #: ▓▓▓▓▓
Prepared as of: 09/26/2008

## Summary of Your Program Savings

| | | |
|---|---|---|
| Interest Savings: | $ | 67,856.56 |
| Term Reduction: | | 6 Years 3 Months |
| Equity Advantage: | $ | 23,345.27 Additional Equity in 10 Program Years |

## Your Current Home Loan

PLEASE NOTE: Recent payment changes (if any) may not be included.

| | | | | | |
|---|---|---|---|---|---|
| Monthly Principal/Interest: | $ | 1,391.59 | Loan Type: | | Fixed |
| Escrow/Other Accounts: | $ | 321.77 | Current Interest Rate: | | 7.450% |
| Monthly Payment: | $ | 1,713.36 | Current Loan Balance: | $ | 194,835.47 |
| | | | Original Loan Balance: | $ | 200,000.00 |
| Bi-Weekly Transfer: | $ | 859.18 | Estimated Activity to Date: | | |
| Loan Origination Date: | | 01-Nov-2006 | Principal Paid to Date: | $ | 5,164.53 |
| Loan Origination Term: | | 30 Years | Interest Paid to Date: | $ | 29,515.06 |
| Loan Payment Due Date: | | 01 | Total Payments to Date: | $ | 34,679.59 |

## Your Existing Payment vs. The Equity Accelerator® Program

| Program Year | Existing Equity Growth | | Accelerated Equity Growth | | Accelerated Equity Advantage | | Cumulative Interest Saved | |
|---|---|---|---|---|---|---|---|---|
| 5 | $ | 18,346.36 | $ | 27,205.23 | $ | 8,858.87 | $ | 1,443.76 |
| 10 | $ | 37,455.89 | $ | 60,801.16 | $ | 23,345.27 | $ | 7,363.35 |
| 15 | $ | 65,158.75 | $ | 109,504.77 | $ | 44,346.02 | $ | 19,797.30 |
| 20 | $ | 105,319.27 | $ | 180,109.83 | $ | 74,790.56 | $ | 41,675.04 |
| 21 | $ | 117,037.77 | $ | 200,000.00 | $ | 82,962.23 | $ | 48,559.56 |
| 27 | $ | 200,000.00 | | | | | $ | 67,856.56 |

## Your Interest Savings $67,856.56

The one time Enrollment Fee is $295 (collected from your first extra principal payment) and the monthly Participation Fee is $5.42 (a portion is collected with each electronic withdrawal). That's a small amount compared to your projected interest savings of $67,856.56. There is no fee for payment changes or cancellation. You can even transfer this program to another loan FREE of charge! Savings shown above are after providing for fees.

This statement is to be used for comparative purposes only. No guarantee or warranty is made with respect to the accuracy of the contents or the use of this statement with regard to financial investments. This estimate of benefits may change due to adjustments in loan interest rate, monthly tax and insurance amount, additional principal payments, withdrawal cycle, termination, suspension or if calculated on a different date.

5500230

Copyright 2008 Paymap Inc. All Rights Reserved. "Equity Accelerator" is a registered service mark of Paymap Inc.

## The Equity Accelerator Enrollment Card

**Reference #:**
**Enrollment Passcode:**

*Maximize your savings, return card by: January 20, 2009*

[✓] **YES!** Sign me up to save time and money on my mortgage!
Call us TODAY at **(800) 458-1564** or follow these simple steps!
It costs nothing to get started.

### OPTIONAL INFO

**Customize your electronic withdrawals and make paying your mortgage easy!**

*We can customize your withdrawals to match your paydays.*

**1** Complete the missing information:

Name: _____ Jason V Shugart _____

Home Phone: _____

**I receive my paycheck:** *(please check one of the four options)*

1. _____ Once a week
2. _✓_ Every two weeks
3. _____ 2 times a month on the _____ and the _____
4. _____ Monthly

**2** Enclose a check marked "VOID".
We will use this information to set up your electronic withdrawals.

**3** Sign below and return this card in the enclosed postage paid envelope.
By signing below, I acknowledge that I have read and agree to the
Equity Accelerator Authorization (other side).

Signature _____ Date _1/4/09_

Copyright 2008 Paymap Inc. All rights reserved. "Equity Accelerator" is a registered service mark of Paymap Inc.

WULM8809

0005500140285970

0080295785200550023000000029500100

SHIPPED JAN 0 8 2009

Jason V. Shugart                                                    Date: April 10, 2009

███████

## Qualified Written Request

OCWEN Federal Bank, FSB                        OCWEN Loan Servicing, LLC
Attn: Mortgage Loan Accounting Department      Attn: Home Retention Department
7700 Southland Blvd.                           12650 Ingenuity Drive
Orlando, FL 32809                              Orlando, FL 32826
Re: Ocwen Loan # ███████                       Re: Ocwen Loan # ███████
Property address: ███████                       Property address: ███████

To Whom It May Concern:

OCWEN Federal Bank, FSB is the servicer of my mortgage loan at the above property address. I *dispute the amount* that is owed according to the Monthly Billing Statement. I request a *correction of the amount* disputed and that you send me information about the fees, costs, and escrow accounting on my loan. This is a *"qualified written request"* pursuant to the Real Estate Settlement and Procedures Act Section 2605(e). Specifically, I am requesting an itemization of the following:

1. A complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments I have made on the loan to date;

2. A breakdown of the amount of claimed arrears or delinquencies;

3. The payment dates, purpose of payment and recipient of any and all foreclosure fees and costs that have been charged to my account;

4. The payment dates, purpose of payment and recipient of all escrow items charged to my account since the date OCWEN took over the servicing;

5. A breakdown of the current escrow charge showing how it is calculated and the reasons for any increase within the last 24 months;

6. A copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to me within the last three (3) years; and

7. A copy of my entire loan file.

Thank you for taking the time to acknowledge and answer this request as required by the Real Estate Settlement and Procedures Act Section 2605(e). Please forward ALL of the requested documents to me at: ███████

Best regards,


Jason V. Shugart

{506-008 00002101v1}



Jason V. Shugart 

Date: May 11, 2009

## SECOND Qualified Written Request

OCWEN Loan Servicing, LLC
Attn: Home Retention Department
12650 Ingenuity Drive
Orlando, FL 32826
Re: Ocwen Loan #
Property address:

To Whom It May Concern:

OCWEN is the servicer of my mortgage loan at the above property address. I *dispute the amount* that is owed according to the Monthly Billing Statement. I request a *correction of the amount* disputed and that you send me information about the fees, costs, and escrow accounting on my loan. This is a *"SECOND qualified written request"* pursuant to the Real Estate Settlement and Procedures Act Section 2605(e). *I have not received acknowledgment of the first qualified written request.* Specifically, I am requesting an itemization of the following:

1. A complete payment history that can be easily read and understood including, but not limited to, the dates and amounts of all the payments I have made on the loan to date;

2. A breakdown of the amount of claimed arrears or delinquencies;

3. The payment dates, purpose of payment and recipient of any and all foreclosure fees and costs that have been charged to my account;

4. The payment dates, purpose of payment and recipient of all escrow items charged to my account since the date OCWEN took over the servicing;

5. A breakdown of the current escrow charge showing how it is calculated and the reasons for any increase within the last 24 months;

6. A copy of any annual escrow statements and notices of a shortage, deficiency or surplus, sent to me within the last three (3) years; and

7. A copy of my entire loan file.

Thank you for taking the time to acknowledge and answer this request as required by the Real Estate Settlement and Procedures Act Section 2605(e). Please forward ALL of the requested documents to me at:

Best regards,

Jason V. Shugart



August 12, 2009

Performing Collections Department
Ocwen Loan Servicing, LLC
P.O.Box 785055
Orlando, FL 32878-5055

    In re:   *Loan number:* ███████
            *Property address:* ███████████████████

To Whom It May Concern:

I am in receipt of your letter dated August 1, 2009. I did not receive this letter until August 10, 2009. I write to inform you that you have falsely designated my loan as in default. I dispute the validity of the debt and am notifying as such within 30 days of the after receipt of this letter.

You should not assume that the debt is valid. I have paid all monies due and owing under the note in full and on time. You have misapplied my payments. Further, you continue to assess fees you are not owed. Please conduct a thorough investigation and/or audit of my payment history and correct the errors on my account.

You wrongfully failed to accept payment in February 2009. I therefore made two payments in March 2009. You accepted both payments. You continue to claim that I owe an additional payment that I do not owe. You have wrongfully assessed fees on this account. Please correct the payment history, reverse the wrongful fees, deem my loan as current and report it as such to the credit reporting agencies.

I look forward to confirmation that you have received this correspondence, conducted the above requests and corrected your errors.

Thank you for your prompt attention to this matter.

                        Very truly yours,

                        Jason Shugart

Plaintiff's Ex. 5

Jason V. Shugart                                     Date: June 22, 2009

SENT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

Equifax Credit Information Services, Inc.
PO Box 105139
Atlanta, GA 30348

   Re:  Equifax Credit Report dated June 18, 2009 (enclosed)

Dear Sir or Madam:

   I am writing to dispute the following information contained in my report, to have you investigate and remove inaccurate information, and prevent its re-insertion.  The items disputed are circled on the attached credit report dated June 18, 2009 and further identified below:

   1. The OCWEN Loan Servicing credit report entry, dated June 18, 2009;

   2. "Sign Up Now to Save $67,856.56!" Equity Accelerator Program letter, dated
    December 23, 2008;

   3. Equity Accelerator Program letter dated January 18, 2009 for the account
    no.: 0080295785;

   4. Bank statements from checking accounts dated April 18, 2009 through April 13,
    2007;

   This account has been paid on time and in full at all times.  This account has never been in default.  The payments have been made via automatic deduction from my personal checking account every month since its inception.  If any payment was ever "late," then OCWEN failed to deduct the payment on time in an effort to make me late so they could foreclose on my home.  I am currently filing a class action lawsuit against OCWEN and all three credit reporting agencies are included in this lawsuit.

   In February 2009, I signed up for the OCWEN accelerated payment program called the Equity Accelerator Program.  Automatic deductions from my account continued to be made, but two times a month instead of one.  OCWEN again failed to execute the transfers on time and caused my account to be late.  I believe OCWEN did so because I refused to sign the loan modification papers that waived every legal right I had under the laws of the United States and the State of Ohio.

   Please delete and permanently suppress the negative items you are reporting from OCWEN.  These alleged delinquencies are affecting my personal and business credit and affecting my business.  I am the managing partner in my law firm and the problems I am experiencing are a *direct* result of your company posting these fraudulent delinquencies from OCWEN.  I am current and have always been current on this account.  I have attached supporting information as proof of OCWEN's deliberate attempts to damage my credit.  Please use the documentation provided in you investigation.  If you need anything further to perform a reasonable investigation, please notify me immediately and I will supplement this dispute.

{506-008 00003681v1}



Jason V. Shugart

Date: June 22, 2009

Also, I was denied credit for the purchase of a new home as a result of OCWEN's false reporting. Please provide me with a free copy of my credit report.

My date of birth is [redacted]. I have enclosed a photo I.D. for identification verification and security purposes. I have also enclosed a copy of my **electric and telephone** bills to prove my address. My addresses for the past five years are as follows:



The last four digits of my social security number are [redacted]. This information should be kept confidential and used only for the purposes of the investigation I am requesting at this time.

Please investigate these matters and delete the disputed items within the time frame required by the Fair Credit Reporting Act (FCRA) and inform me in writing of the results. Thank you for your time and consideration in this matter.

Best regards,


Jason Shugart

Enclosures.



Enclosures.

{506-008 00003681v1}

Jason V. Shugart                                                    Date: June 22, 2009

SENT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED
Experian
PO Box 1240
Allen, TX 75013

    Re :   Experian Credit Report dated June 18, 2009 (enclosed)

Dear Sir or Madam:

    I am writing to dispute the following information contained in my report, to have you investigate and remove inaccurate information, and prevent its re-insertion. The items disputed are circled on the attached credit report dated June 18, 2009 and further identified below:

1. The OCWEN Loan Servicing credit report entry, dated June 18, 2009;

2. "Sign Up Now to Save $67,856.56!" Equity Accelerator Program letter, dated December 23, 2008;

3. Equity Accelerator Program letter dated January 18, 2009 for the account no.: 0080295785;

4. Bank statements from checking accounts dated April 18, 2009 through April 13, 2007;

    This account has been paid on time and in full at all times. This account has never been in default. The payments have been made via automatic deduction from my personal checking account every month since its inception. If any payment was ever "late," then OCWEN failed to deduct the payment on time in an effort to make me late so they could foreclose on my home. I am currently filing a class action lawsuit against OCWEN and all three credit reporting agencies are included in this lawsuit.

    In February 2009, I signed up for the OCWEN accelerated payment program called the Equity Accelerator Program. Automatic deductions from my account continued to be made, but two times a month instead of one. OCWEN again failed to execute the transfers on time and caused my account to be late. I believe OCWEN did so because I refused to sign the loan modification papers that waived every legal right I had under the laws of the United States and the State of Ohio.

    Please delete and permanently suppress the negative items you are reporting from OCWEN. These alleged delinquencies are affecting my personal and business credit and affecting my business. I am the managing partner in my law firm and the problems I am experiencing are a *direct* result of your company posting these fraudulent delinquencies from OCWEN. I am current and have always been current on this account. I have attached supporting information as proof of OCWEN's deliberate attempts to damage my credit. Please use the documentation provided in you investigation. If you need anything further to perform a reasonable investigation, please notify me immediately and I will supplement this dispute.

{506-008 00003682v1}

Jason V. Shugart                                                     Date: June 22, 2009

████████████████

     Also, I was denied credit for the purchase of a new home as a result of OCWEN's false reporting. Please provide me with a free copy of my credit report.

     My date of birth is████████. I have enclosed a photo I.D. for identification verification and security purposes. I have also enclosed a copy of my **electric and telephone** bills to prove my address. My addresses for the past five years are as follows:



     The last four digits of my social security number are ████████. This information should be kept confidential and used only for the purposes of the investigation I am requesting at this time.

     Please investigate these matters and delete the disputed items within the time frame required by the Fair Credit Reporting Act (FCRA) and inform me in writing of the results. Thank you for your time and consideration in this matter.

Best regards,


Jason Shugart

Enclosures.

{506-008 00003682v1}

Jason V. Shugart                                                                     Date: June 22, 2009

SENT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED

TransUnion
Fraud Victim Assistance Department
P. O. Box 6790
Fullerton, CA  92834

      Re:  TransUnion Credit Report dated June 18, 2009 (enclosed)

Dear Sir or Madam:

      I am writing to dispute the following information contained in my report, to have you investigate and remove inaccurate information, and prevent its re-insertion. The items disputed are circled on the attached credit report dated June 18, 2009 and further identified below:

    1.  The OCWEN Loan Servicing credit report entry, dated June 18, 2009;

    2.  "Sign Up Now to Save $67,856.56!" Equity Accelerator Program letter, dated December 23, 2008;

    3.  Equity Accelerator Program letter dated January 18, 2009 for the account no.: 0080295785;

    4.  Bank statements from checking accounts dated April 18, 2009 through April 13, 2007;

      This account has been paid on time and in full at all times. This account has never been in default. The payments have been made via automatic deduction from my personal checking account every month since its inception. If any payment was ever "late," then OCWEN failed to deduct the payment on time in an effort to make me late so they could foreclose on my home. I am currently filing a class action lawsuit against OCWEN and all three credit reporting agencies are included in this lawsuit.

      In February 2009, I signed up for the OCWEN accelerated payment program called the Equity Accelerator Program. Automatic deductions from my account continued to be made, but two times a month instead of one. OCWEN again failed to execute the transfers on time and caused my account to be late. I believe OCWEN did so because I refused to sign the loan modification papers that waived every legal right I had under the laws of the United States and the State of Ohio.

      Please delete and permanently suppress the negative items you are reporting from OCWEN. These alleged delinquencies are affecting my personal and business credit and affecting my business. I am the managing partner in my law firm and the problems I am experiencing are a *direct* result of your company posting these fraudulent delinquencies from OCWEN. I am current and have always been current on this account. I have attached supporting information as proof of OCWEN's deliberate attempts to damage my credit. Please use the documentation provided in you investigation. If you need anything further to perform a reasonable investigation, please notify me immediately and I will supplement this dispute.

{506-008 00003683v1}

Jason V. Shugart                                                Date: June 22, 2009



    Also, I was denied credit for the purchase of a new home as a result of OCWEN's false reporting. Please provide me with a free copy of my credit report.

    My date of birth is 3/30/1970. I have enclosed a photo I.D. for Identification verification and security purposes. I have also enclosed a copy of my electric and telephone bills to prove my address. My addresses for the past five years are as follows:



    The last four digits of my social security number are ▇▇▇▇▇▇ This information should be kept confidential and used only for the purposes of the investigation I am requesting at this time.

    Please investigate these matters and delete the disputed items within the time frame required by the Fair Credit Reporting Act (FCRA) and inform me in writing of the results. Thank you for your time and consideration in this matter.

Best regards,


Jason Shugart

Enclosures.

{506-008 00003683v1}